UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN LISS and BONI MELCHOR, on their own behalf and on behalf of others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SKECHERS U.S.A. INC.,<br><br>*Defendant.* | Case No. 2:25-cv-01832<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28. U.S.C. §§ 1332(A), 1441, 1446, AND 1453]**<br><br>(Removed from Thurston County Superior Court Case No. 25-2-03207-34) |

**PLEASE TAKE NOTICE** that Defendant Skechers U.S.A. Inc. ("Skechers"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Superior Court of the State of Washington in Thurston County to the United States District Court for the Western District of Washington.

**I.     INTRODUCTION**

1. This Court has original jurisdiction under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000 for each named Plaintiff. In addition, removal is proper under 28 U.S.C. §§1441, 1446, and 1453 pursuant to the Class Action Fairness Act ("CAFA"). There is complete diversity, the proposed class has more than 100 members, and the amount in controversy exceeds $5,000,000 in the aggregate,

NOTICE OF REMOVAL
Page 1 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

exclusive of interest and costs.

2. The attorneys representing Plaintiffs here have brought at least two other actions in Washington state court under identical legal theories, both of which matters have been removed to and remain in federal court based on diversity and/or CAFA jurisdiction. *See Brown et al. v. Old Navy LLC et al.,* W.D. Wash. Case No. 2:23-cv-00781, Dkt. 1 (Chun, J.); *Shahpur et al., v. Ulta Beauty Inc.*, E.D. Wash. Case No. 2:25-cv-00284, Dkt. 1 (Pennell, J.).

## II. BACKGROUND

3. On August 19, 2025, Plaintiffs Stephan Liss and Boni Melchor, purportedly "on their own behalf and on behalf of others similarly situated," filed a civil action in the Thurston County Superior Court entitled *Stephan Liss et al., v. Skechers U.S.A., Inc*., Case No. 25-2-03207-34. Plaintiff served the Summons and Complaint on Skechers on August 22, 2025. *See* Angeli J. Calfo Declaration ("Calfo Decl.") Ex. A (which includes the Summons and Complaint).

4. The Complaint, which is styled as a class action, purports to bring claims under Washington's Commercial Electronic Mail Act ("CEMA"), RCW Chapter 19.190, and Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86. Plaintiffs assert that Skechers has violated CEMA, and in turn the CPA, by sending marketing emails with allegedly false or deceptive subject lines. Plaintiffs seek injunctive relief, the greater of their actual damages or trebled statutory damages, and their attorneys' fees and costs. *See* Compl. at ¶¶ 7, 96, § VIII (Prayer for Relief).

5. Plaintiffs allege that they are both residents of Washington, and they purport to bring this lawsuit on behalf of a putative class of "[a]ll Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." Compl. ¶¶ 10, 11, 69.

6. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiffs' class definition, the existence of any supposed harm or damages, or the validity of Plaintiff's claims for

NOTICE OF REMOVAL
Page 2 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

relief. Skechers reserves the right to supplement and amend this Notice of Removal.

### III. REMOVAL IS TIMELY

7. This Notice of Removal is timely because it was filed within thirty days of August 22, 2025, the date on which Plaintiffs served Skechers with the Summons and Complaint. 28 U.S.C. § 1446(b).

### IV. VENUE

8. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Thurston County Superior Court is located within the Western District of Washington.

### V. REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

9. This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and, as set forth below, the amount in controversy exceeds $75,000 for each named plaintiff, exclusive of interests and costs.

#### A. Complete Diversity Exists.

10. Plaintiffs and Skechers are citizens of different states, as explained herein.

11. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

12. Plaintiff Stephen Liss alleges in the Complaint that he is a resident of Wilbur,

NOTICE OF REMOVAL
Page 3 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

1   Washington. Compl. ¶ 10.

2   13.     Plaintiff Boni Melchor alleges in the Complaint that she is a resident of Sequim,
3   Washington. *Id*. ¶ 11.

4   14.     As for Skechers, a corporation is treated as a citizen of the state in which it is
5   incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).
6   For this inquiry, the "principal place of business" is "the place where a corporation's officers
7   direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be
8   the place where the corporation maintains its headquarters—provided that the headquarters is the
9   actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an
10  office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93
11  (2010).

12  15.     Skechers is incorporated in the State of Delaware and maintains its principal place
13  of business in the State of California. Compl. ¶ 12. Skechers is not now, and all relevant times has
14  never been, organized under the laws of the State of Washington, maintained its headquarters in
15  the State of Washington, nor had its executives located in the State of Washington.

16  16.     Accordingly, complete diversity exists for purposes of 28 U.S.C. §§ 1332(a) and
17  1441(b) because this is a civil action between citizens of different states.

**B.     The Amount in Controversy Exceeds $75,000 Per Named Plaintiff.**

19  17.     The amount-in-controversy requirement of 28 U.S.C. §§ 1332(a) is satisfied here
20  because the Complaint seeks more than $75,000 for each named Plaintiff.[1] Specifically, Plaintiffs
21  seek: (1) statutory damages of $500 for each alleged violation of CEMA under RCW
22  19.190.020(1)(b); (2) treble damages pursuant to RCW 19.86.090; and (3) costs and attorneys'

---

[1] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Skechers refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Skechers disputes and does not concede the merit of Plaintiffs' claims and maintains that it is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Skecher's] liability." *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010).

NOTICE OF REMOVAL
Page 4 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

fees associated with this litigation, also under RCW 19.86.090. *See* Compl. ¶¶ 2, 7, § VIII. The combined value of these claims exceeds $75,000 for each Plaintiff.

18. In determining the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to calculate the amount in controversy. *Ritenour v. Carrington Mortg. Servs.*, LLC, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017). The question before the Court is what amount a plaintiff's complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts should "first look to the complaint in determining the amount in controversy").

19. Skechers does not need to "prove" the amount in controversy for purposes of removal. The case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.").

20. In determining the amount in controversy, a court will aggregate the total amount of actual or statutory damages being claimed, any asserted punitive damages, and any attorneys' fees authorized by contract or statute. *See Trepanier v. Progressive Direct Ins. Co.,* 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages."). Treble damages are also included in the calculation. *See, e.g., Ten Bridges, LLC v. Midas Mulligan, LLC,*

NOTICE OF REMOVAL
Page 5 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

522 F. Supp. 3d 856, 871 (W.D. Wash. 2021).

21. For the alleged conduct at issue, Plaintiffs seek damages that are "the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee." *Id.* at ¶ 96. In other words, for every email that Plaintiffs received from Skechers over a four-year period that contains an allegedly misleading subject line, Plaintiffs are seeking $1,500 ($500 trebled) per email.

22. Plaintiffs allege that Skechers "blasts" Washington consumers with "repeated" emails and notifications that "choke[] consumers' email inboxes." Compl. ¶¶ 4–5. The Complaint then identifies nine emails that Plaintiffs presumably received, which are alleged to be "examples of Skechers' commercial emails whose subject lines contain false or misleading statements . . ." *Id.* ¶ 53, Exhibit A. Nine emails at $1,500 each is $13,500 per Plaintiff based on just the "examples" identified in the Complaint.

23. Plaintiffs allege, however, that Skechers sends an average of at least 388 emails per year to its customers (including them). Compl. ¶ 55. Assuming the truth of that allegation, over four years there would be 1,552 emails to each Plaintiff. If Plaintiffs were to seek statutory and treble damages for just 50 (or 3.2%) of those emails at $1,500 per email, their individual damages claims would meet the $75,000 amount-in-controversy threshold.

24. Putting those individual damages claims aside, the Complaint also alleges that Plaintiffs are entitled to attorney's fees. Compl. § VIII. D. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Arizona*, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy"). Even if Plaintiffs received only one allegedly wrongful email apiece over the four years, their potential recovery in attorneys' fees alone would likely exceed $75,000 per Plaintiff if they were to prevail.

NOTICE OF REMOVAL
Page 6 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

25.     "In determining the amount in controversy, the court may consider damage requests and awards in similar cases." *Ballard v. Corinthian Colleges, Inc.*, 2006 WL 1806190 at *2 (W.D. Wash. June 28, 2006) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006)). Plaintiffs' attorneys have recently represented to courts in other actions that their hourly rates are as follows: Gerald Stranch from Stranch, Jennings & Garvey charged an hourly rate of $1,308 in 2023; Lynn Toops from Cohen & Malad, LLP charged an hourly rate of $780 in 2021; Samuel J. Strauss from Turke & Strauss LLP charged an hour rate of $700 in 2023; and Walter Smith from Smith & Dietrich Law Offices charged an hourly rate of $500 in 2024. *See* Calfo Decl., ¶¶ 3-6, Exs. B-E. At these rates, Plaintiffs' counsel would only need to bill approximately 120 hours at $1,308 per hour, or 302 hours at $500 per hour, for attorney time (not including other fees and costs) to surpass the $75,000 per-Plaintiff threshold in attorney's fees alone. Litigating this highly contested matter necessarily will require more than just 3 to 8 weeks' work (assuming 40 billable hours in a week) from Plaintiffs' counsel. Thus, the attorneys' fees likely to be requested in this matter by themselves would exceed the $75,000 jurisdictional minimum.

26.     Based on the foregoing, the amount-in-controversy requirement for diversity jurisdiction is satisfied. As a result, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## VI.     REMOVAL IS PROPER UNDER CAFA JURISDICTION

27.     This Court also has CAFA jurisdiction, as set forth in 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court has original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). As set forth below, this action meets each of CAFA's requirements and therefore may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a

NOTICE OF REMOVAL
Page 7 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### A. CAFA's Diversity of Citizenship Requirement Is Met.

28. As discussed above, Plaintiffs Liss and Melchor are citizens of the State of Washington, and Skechers is a citizen of the States of California and Delaware for purposes of diversity jurisdiction. *See supra* ¶¶ 10–13. Therefore, minimal diversity of citizenship exists for this Court to have jurisdiction under 28 U.S.C. § 1332(d)(2).

### B. CAFA's Numerosity Requirement Is Met.

29. Plaintiffs allege that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 73. As a result, CAFA's requirement that the proposed class have at least 100 members is fulfilled. 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Exceeds $5 Million.

30. The individual putative class members' claims are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. *Id.* § 1332(d)(6).

31. The burden to establish the jurisdictional amount in controversy under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citing *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (when alleging an amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy."). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *LaCross*, 775 F.3d at 1201); *see also Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting

NOTICE OF REMOVAL
Page 8 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

*Arias*, 936 F.3d at 925 (9th Cir. 2019); *see also Kleinsasser v. Progressive Direct Ins. Co.*, 2018 WL 3471185, at *11 (W.D. Wash. July 19, 2018) (holding that overall the defendant's "chain of reasoning and underlying assumptions are reasonable" even if its proposed calculation "overestimates some individual damages" and finding that the removing defendant met its burden to establish that the amount in controversy was over $5 million).

32. Here, while Skechers denies Plaintiffs' factual allegations and further denies that either they or any members of the putative class are entitled to the relief sought by the Complaint, it is clear that the class claims being asserted put in controversy more than $5 million.

33. In terms of statutory damages, as noted above, the Complaint alleges that Skechers "chokes consumers' email inboxes with repeated false notifications," Compl. ¶ 5, and that, "[s]ince 2021, Skechers has been blasting out marketing emails at a rate averaging (at least) 388 per year, 32 per month, and 1 per day." *Id.* at ¶ 55. For this alleged conduct, Plaintiffs seek damages that are "the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled." *Id.* at ¶ 96. Thus, as alleged above, Plaintiffs are seeking damages of $1,500 ($500 trebled) for each class member for each allegedly wrongful email sent over four years.

34. The class alleged here supposedly "is estimated to *minimally contain* thousands of members," implying *at least* 2,000 individuals. *Id.* at ¶ 73 (emphasis added). Although the Complaint cites nine examples of allegedly wrongful emails that apparently each named Plaintiff received, *id.* ¶ 53, Ex. A, the Court need not assume that every class member received that many allegedly wrongful emails to find that the minimum amount in controversy exists here. Even if each of the 2,000+ putative class members received only *two* allegedly wrongful emails from Skechers over four years, the potential statutory and treble damages would amount to $6,000,000 (2,000 members × 2 emails × $1,500 per email), far exceeding the minimum aggregate amount in controversy under CAFA.

35. But Plaintiffs also seek an award of attorney's fees and injunctive relief. *See* Compl. ¶ 96; *id.* § VIII. (Prayer for Relief) ¶¶ B, D. Again, attorneys' fees are included in the

NOTICE OF REMOVAL
Page 9 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

calculation of the amount in controversy. *See Guglielmino.*, 506 F.3d at 698; *Fritsch*, 899 F.3d at 788; *Dawsey v. Travelers Indem. Co.*, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (allowing attorneys' fees of 25% of compensatory damages to be included in CAFA amount in controversy calculation). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

36. For purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, is also relevant to calculating the amount of fees to be included in the amount in controversy. *Fritsch*, 899 F.3d at 795 and 796, fn. 6. Multiple courts have used the 25% benchmark to calculate potential fees for purposes of determining CAFA jurisdiction. *See, e.g., Dawsey*, 2015 WL 4394545, at *2–3 (adding 25% benchmark to estimated common fund value); *Berry v. Transdev Services, Inc.*, 2016 WL 11261499, at *4 (W.D. Wash. Jan. 11, 2016) ("Courts also recognize that two possible benchmarks for estimating such attorneys' fees: an estimate under a lodestar calculation or using a 25% common fund benchmark.").

37. Here, even if it were not the case that the amount in controversy likely surpasses $5 million based on Plaintiffs' trebled statutory damages theory alone, adding attorneys' fees to those damages claims confirms that the amount in controversy is met. If one were to assume, for example, that just half of the putative class received only one allegedly wrongful email and the other half of the putative class received two such emails over the entire four-year period at issue, the aggregated amount of their claims would be $4.5 million ((1,000 persons x $1,500/email) + (1,000 persons x 2 emails x $1,500/email) = $4,500,000). If one then includes 25% of that amount ($1,125,000) as attorneys' fees, the total amount in controversy would be $5.625 million.

38. Even if the 25% benchmark is not used, it is still reasonable to assume that Plaintiffs' potential future attorneys' fees place at least an additional $1 million in controversy.

39. As noted above, attorneys from the same firms now representing Plaintiffs have

NOTICE OF REMOVAL
Page 10 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

represented in other matters that their partners' hourly billing rates range from $500 to $1,308 per hour. *See* Calfo Decl., ¶¶ 3-6. Based on those rates, and the actual fees awarded to these firms in other class actions in which they sought and received an attorneys' fees award, the amount in controversy here likely will include *at least* $1 million in attorneys' fees. *See e.g., Williams v. PillPack, Inc.*, 2025 WL 1149710, at *3 (W.D. Wash. Apr. 18, 2025) (granting request for attorneys' fees of more than $2 million sought in part by Smith & Dietrich); *Holt v. Communityamerica Credit Union*, 2020 WL 12604384, at *1-2 (W.D. Mo. Dec. 8, 2020) (granting fee award to Cohen & Malad and Stranch, Jennings & Garvey of $1,026,145.33 on settlement amount of $3,078,436.00); *see also In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

### D.  No CAFA Exceptions Apply.

40. CAFA's "home-state" and "local controversy" exceptions do not apply to this removal. The "home state" exception prevents CAFA removal only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Likewise, under the "local controversy exception," at least one defendant must be "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Skechers is not a citizen of the State of Washington where the action was filed, making both the local controversy exceptions inapplicable. *See supra* ¶ 13.

### E.  Notice of Removal.

41. Skechers will promptly serve this Notice of Removal on all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Washington for Thurston County, where the instant matter was pending, as required under 28 U.S.C §1446(d).

/////

NOTICE OF REMOVAL
Page 11 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

## VII. CONCLUSION

42. Based on the foregoing, removal is proper to this Court, and Skechers hereby removes this case to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: September 22, 2025

**ANGELI & CALFO LLC**

By: *s/ Angelo J. Calfo*
Angelo J. Calfo (WSBA #27079)
Tyler S. Weaver (WSBA #29413)
701 Pike St, Ste 1625
Seattle, WA 98101
Tel: (206) 229-3441
angelo@angelicalfo.com
tylerw@angelicalfo.com

**O'MELVENY & MYERS LLP**

Daniel M. Petrocelli (CA Bar #97802)
(*Pro Hac Vice* Pending)
Jeffrey A. Barker (CA Bar #166327)
(*Pro Hac Vice* Pending)
Daniel Cooper (CA Bar # 329607)
(*Pro Hac Vice* Pending)
1999 Avenue of the Stars, 8th Fl
Los Angeles, CA 90067-6035
Tel: (310) 553-6700
dpetrocelli@omm.com
jbarker@omm.com
dcooper@omm.com

***Attorneys for Defendant Skechers U.S.A., Inc.***

NOTICE OF REMOVAL
Page 12 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

# CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing NOTICE OF REMOVAL has been filed with the Court's CM/ECF filing system and that the foregoing will be served along with the Civil Cover Sheet, Corporate Disclosure Statement, and Notice of Filing Notice of Removal on:

| | |
|---|---|
| Walter Smith, WSBA No. 46695<br>Smith & Dietrich Law Offices, PLLC<br>1226 State Ave NE, Ste 205<br>Olympia, WA 98506<br>Tel: (360) 915-6952<br>Email: walter@smithdietrich.com<br><br>Lynn A. Toops, Natalie A. Lyons, and Ian R. Bensberg<br>COHENMALAD, LLP<br>One Indiana Sq, Ste 1400<br>Indianapolis, IN 46204<br>Tel: (317) 636-6481<br>ltoops@cohenmalad.com<br>nlyons@cohenmalad.com<br>ibensberg@cohenmalad.com<br><br>J. Gerard Stranch, IV<br>STRANCH, JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Ave, Ste 200<br>Nashville, TN 37203<br>Tel: (615) 254-8801<br>gstranch@stranchlaw.com<br><br>Samuel J. Strauss, WSBA No. 46971<br>Raina C. Borelli<br>STRAUSS BORRELLI, LLP<br>980 N Michigan Ave, Ste 1610<br>Chicago, IL 60611<br>Tel: (872) 263-1100<br><br>***Attorneys for Plaintiffs*** | ☐ Via Legal Messengers<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☒ Via CM/ECF E-Service |

DATED September 22, 2025, in Seattle, Washington.

*s/ Angelo J. Calfo*
Angelo J. Calfo

NOTICE OF REMOVAL
Page 13 of 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810